Case 8:12-cr-00497-GLR   Document 7-1   Filed 10/10/12   Page 1 of 3

OCT 10 2012
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

## ATTACHMENT A: STATEMENT OF FACTS - ALPHONSO TILLMAN

*The undersigned parties hereby stipulate and agree that, if this matter had gone to trial, the government would have proven the following facts. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence which would have been presented had this matter gone to trial.*

Defendant **ALPHONSO A. TILLMAN** ("**TILLMAN**") was President, CEO, and sole owner of Remote Surveillance Technology Solutions, Inc. ("RSTS"), a company headquartered in Landover, Maryland that provided security guards to protect commercial and residential properties in Maryland, Virginia, Pennsylvania, and the District of Columbia. **TILLMAN** incorporated RSTS in Maryland on or about December 26, 2001.

On or about August 22, 2006, **TILLMAN** caused a successor company to RSTS to be incorporated in Maryland under the name Remote Surveillance Technology Services, LLC, ("RSTServ"). **TILLMAN** was President, CEO, and sole member of RSTServ. RSTS and RSTServ withheld taxes from their employees' paychecks, including federal income taxes, medicare and social security taxes. Together, the medicare and social security taxes are often referred to as Federal Insurance Contribution Act or "FICA" taxes. Collectively, the withheld income taxes and FICA taxes are often referred to as "payroll taxes." RSTS and RSTServ were required to deposit the payroll taxes to the Internal Revenue Service ("IRS") on a periodic basis. In addition, RSTS and RSTServ were required to file, following the end of each calendar quarter, Employer's Quarterly Federal Income Tax Returns (Forms 941), setting forth the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of social security and Medicare taxes due, and the total tax deposits.

During the operation of RSTS and RSTServ, **TILLMAN** exercised control over every aspect of RSTS and RSTServ's business affairs, including approving all payments by the companies and controlling all of the companies' bank accounts. As President, CEO, and manager of the day-to-day business affairs of RSTS and RSTServ, **TILLMAN** was a "responsible person" for each entity's payroll taxes. That is, he had the corporate responsibility to collect, truthfully account for, and pay over the company's payroll taxes. RSTS and RSTServ engaged a payroll tax service ("Company A") to calculate the amount of payroll taxes to withhold from each employee's paycheck and to prepare Forms 941 for RSTS and RSTServ. As instructed by **TILLMAN**, Company A prepared Forms 941 for RSTS for all quarters beginning with the first quarter of 2005 and ending with the second quarter of 2007 as well as for RSTServ for all quarters beginning with the second quarter of 2007 and ending with the fourth quarter of 2008. Company A delivered the completed Forms 941 to RSTS and RSTServ.

**TILLMAN** caused RSTS and RSTServ to fail to file any of the Forms 941 prepared by Company A for RSTS and RSTServ. **TILLMAN** further caused RSTS and RSTServ to fail to remit to the IRS any payments toward the payroll taxes due and owing, with the exception of payments made by RSTS to the IRS as a result of IRS collection efforts. Between 2005 and 2008, **TILLMAN** caused RSTS and RSTServ to make hundreds of thousands of dollars of expenditures out of their

business bank accounts for defendant's personal benefit while, at the same time, failing to pay over to the IRS payroll taxes withheld from employee paychecks.

The total amount of tax loss resulting from **TILLMAN**'s failure to pay over and evasion of taxes due and owing by RSTS and RSTServ is $2,205,991.40, as set forth in the chart below:

| Time Period | Entity | Payroll Tax Due (employee portion of FICA + employee income tax withholding) | Employer Portion of FICA Due |
|---|---|---|---|
| 2005 (Q1) | Remote Surveillance Technology Solutions | $ 67,688.59 | $ 37,862.23 |
| 2005 (Q2) | Remote Surveillance Technology Solutions | $ 79,299.86 | $ 43,778.21 |
| 2005 (Q3) | Remote Surveillance Technology Solutions | $ 98,222.82 | $ 54,018.99 |
| 2005 (Q4) | Remote Surveillance Technology Solutions | $ 123,091.44 | $ 60,598.63 |
| 2006 (Q1) | Remote Surveillance Technology Solutions | $ 139,590.60 | $ 71,452.19 |
| 2006 (Q2) | Remote Surveillance Technology Solutions | $ 144,240.88 | $ 68,336.40 |
| 2006 (Q3) | Remote Surveillance Technology Solutions | $ 143,863.58 | $ 71,037.15 |
| 2006 (Q4) | Remote Surveillance Technology Solutions | $ 100,166.42 | $ 68,013.51 |
| 2007 (Q1) | Remote Surveillance Technology Solutions | $ 83,253.44 | $ 68,029.92 |
| 2007 (Q2) | Remote Surveillance Technology Solutions | $ 91,530.51 | $ 51,427.26 |
| 2007 (Q2) | Remote Surveillance Technology Service | $ 21,946.73 | $ 10,302.65 |
| 2007 (Q3) | Remote Surveillance Technology Service | $ 109,192.63 | $ 52,287.40 |
| 2007 (Q4) | Remote Surveillance Technology Service | $ 74,104.68 | $ 34,664.55 |
| 2008 (Q1) | Remote Surveillance Technology Service | $ 54,071.85 | $ 27,035.93 |
| 2008 (Q2) | Remote Surveillance Technology Service | $ 38,739.29 | $ 19,369.65 |
| 2008 (Q3) | Remote Surveillance Technology Service | $ 34,537.65 | $ 17,268.83 |
| 2008 (Q4) | Remote Surveillance Technology Service | $ 31,311.30 | $ 15,655.65 |
| | Totals | $ 1,434,852.27 | $ 771,139.13 |
| | Grand Total (payroll tax + employer portion of FICA) | $ 2,205,991.40 | |

I have read this statement of facts, and have carefully reviewed it with my attorney. I acknowledge that it is true and correct.

9/13/12
Date

Alphonso Tillman

I am Alphonso Tillman's attorney. I have carefully reviewed the statement of facts with him.

09-13-12
Date

Maury S. Epner, Esq.

FROM:ProSo TO:3017626044 09/13/2012 09:50:12 #11067 P.003/003